THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSÉ LUÍS CÁDIZ-SÁNCHEZ,**

    **Plaintiffs,**

    v.

**HOSPITAL HIMA SAN PABLO DE CAGUAS INC., et al.,**

    **Defendants.**

**Civil No. 14-1307 (ADC)**

**OPINION AND ORDER**

On May 11, 2015, plaintiffs José Luís Cádiz-Sánchez, Juan Carlos Cádiz-Sánchez, and José Luís Cádiz-Picart filed their Fourth Amended Complaint in this diversity tort action, which they initiated in April 2014. See **ECF Nos. 1**, **75**. By means of that complaint, plaintiffs commenced an action against co-defendant Dr. Victor Castillo (Castillo), **ECF No. 75** at 3, who was not named as a co-defendant in the prior complaints. See **ECF Nos. 1**, **6**, **7**, **35**, **63**. Plaintiffs' claim against Castillo and the other defendants, for damages for emotional distress and funeral costs, is based on the death of their relative, Inés Sánchez Pérez, after she was allegedly neglected by the staff of Hospital Hima San Pablo de Caguas (Hospital), on December 28, 2011. **ECF No. 75** at 4-6.

Castillo has moved the Court for summary judgment on the ground that the suit against him is time-barred under the applicable one-year statute of limitations, P.R. Laws Ann. tit. 31, § 5298(2). **ECF No. 151**. Plaintiffs oppose the motion on the ground that the statute of limitations

was tolled because the significance of Castillo's name did not surface until late in discovery and because Castillo and the Hospital allegedly stand in perfect solidarity with each other. **ECF No. 159**. Castillo has replied, with leave of Court, to plaintiff's opposition. **ECF No. 165**. The Court now grants summary judgment to Castillo.

"Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Delgado Echevarría* v. *AstraZeneca Pharm. LP*, 856 F.3d 119, 126 (1st Cir. 2017) (quoting *Ameen* v. *Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir. 2015)); see also Fed. R. Civ. P. 56(a). "Because this is a diversity case, Puerto Rico's substantive law controls," including its statute of limitations. *Rivera-Carrasquillo* v. *Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 215 n.2 (1st Cir. 2016) (citing *Alejandro-Ortiz* v. *P.R. Elec. Power Auth.*, 756 F.3d 23, 26-27 (1st Cir. 2014)). "Under the law of torts in Puerto Rico, including medical malpractice . . . , relatives are entitled to 'compensation for the sufferings, emotional distress, or mental anguish experienced as a consequence of the material or other damages caused directly to their relatives.'" *Santana-Concepción* v. *Centro Medico Del Turabo, Inc.*, 768 F.3d 5, 10 (1st Cir. 2014) (quoting *Santini Rivera* v. *Serv Air, Inc.*, 137 P.R. Dec. 1, 10-12 (P.R. 1994)). "The period available to exercise such an action is one year, and begins to run when the plaintiffs learn about the damages suffered by the relative-victim." *Id*.

Plaintiffs do not dispute the applicability of a one-year limitations period to their action against Castillo. See **ECF No. 159**. The relative's death allegedly giving rise to plaintiffs' claim undisputedly occurred on December 28, 2011, and plaintiffs—who are the decedent's sons and

husband—do not dispute that they learned of her death almost immediately.[1] Nor is there any dispute that plaintiffs did not bring a claim against Castillo until they filed the Fourth Amended Complaint on May 11, 2015, well past one year from the date of their relative's death. See **ECF Nos. 151-1**, ¶¶ 1-22 (Castillo alleging that fact); **159-1** at 1 (plaintiffs admitting it). Thus, unless the limitations period was effectively tolled, plaintiffs' action against Castillo is time-barred. See *Rodríguez* v. *Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009). "Although prescription is an affirmative defense, once it has been raised, the burden of proving that [the limitations period] has been interrupted shifts to the plaintiff." *Id.* (quoting *Tokyo Marine & Fire Ins. Co.* v. *Pérez y Cia. de P.R., Inc.*, 142 F.3d 1, 4 (1st Cir. 1998)). In other words, plaintiffs "must 'produc[e] specific facts sufficient to deflect the swing of the summary judgment scythe.'" *Xiaoyan Tang* v. *Citizens Bank, N.A.*, 821 F.3d 206, 215 (alteration in original) (quoting *Mulvihill* v. *Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003)). The Court finds that plaintiffs have failed to meet their burden.

In their opposition to Castillo's motion for summary judgment, plaintiffs raise only two grounds for tolling. First, plaintiffs assert that "the fact that Dr. Castillo was an emergency room physician provided to the [decedent] by the hospital means that this case cannot possibly be time barred." **ECF No. 159**, ¶ 7. Second, plaintiffs allege that although Castillo appears in "the transfer documents" as "the individual who accepted the patient's transfer" to the Hospital,[2]

---

[1] The record shows that, at the latest, plaintiffs learned of their relative's death by December 27, 2012, when they first brought a cause of action based on it. See **ECF Nos. 151-1**, ¶ 7; **159-1** at 1.

[2] Unlike the other "facts" alleged or assumed in this paragraph, the Court accepts this particular fact as true because Castillo included it in his "Statement of Uncontested Material Facts," pursuant to Local Civil Rule 56(b), **ECF No. 151-1**, ¶ 26, and plaintiffs later admitted that it is true, **ECF No. 159-1** at 1.

they did not know that they might have a claim against him until, "[o]n April 15, 2015, Hospital Hima . . . affirm[ed] that Dr. Castillo was in fact 'a medical doctor working at the emergency room.'" *Id.*, ¶¶ 10-11. Plaintiffs, however, have failed to support those allegations, assertions, and assumptions with a separate, short, and concise statement of additional material facts, see **ECF No. 159-1**, as Local Civil Rule 56(c) requires. See L. Cv. R. 56(c); see also *Carreras* v. *Sajo*, 596 F.3d 25, 32 (1st Cir. 2010) (finding that a court may disregard facts, which oppose summary judgment, that appear only in the body of the non-movant's response and are not also "adduced in a separate section," as Local Civil Rule 56(c) requires); *CMI Capital Mkt. Inv., LLC* v. *González-Toro*, 520 F.3d 58, 63 & n.3 (1st Cir. 2008) (same). Accordingly, plaintiffs' opposition has failed to "deflect the swing of the summary judgment scythe." See *Xiaoyan Tang*, 821 F.3d at 215.

Indeed, the only facts that plaintiffs have submitted, pursuant to Local Civil Rule 56(c), concern what the record does not show. See **ECF No. 159-1**. Plaintiffs declare, in their opposing statement of material facts, that Castillo's name does not appear at all in the decedent's hospital records, that there is no evidence that Castillo ever treated the decedent, and that the mere fact that an emergency-room doctor accepts the transfer of a patient does not mean that the patient will then be under the doctor's care. See *id*. The Court fails to see how those facts show that the limitations period for the action against Castillo was tolled at all, let alone for about two years and four months, which is the minimum amount of tolling that plaintiffs needed to prove.

To be precise, plaintiffs claim that their action against Castillo is not time-barred because Castillo "was an emergency room physician provided to the [decedent] by the hospital" and,

thus, Castillo and the Hospital stood in "a relationship of 'perfect solidarity,'" pursuant to which "the tolling of the statute of limitations against one automatically tolls it against the other." **ECF No. 159**, ¶¶ 6-7. Plaintiffs may be right that Puerto Rico law tolls the statute of limitations that applies to a doctor when the plaintiff timely sues the doctor's hospital for the medical care that the hospital had the doctor provide. See *Ramírez-Ortiz* v. *Corporacion Del Centro Cardiovascular De P.R. y Del Caribe*, 994 F. Supp. 2d 218, 224-25 (D.P.R. 2014) (Besosa, J.). But the facts properly before the Court, pursuant to Local Civil Rule 56(e), do not show that Castillo was an employee of the Hospital, nor that the Hospital provided Castillo's medical services, as a physician, to the decedent, nor even that the action against the Hospital actually is timely. See **ECF Nos. 151-1**; **159-1**. Accordingly, plaintiffs have failed to bear their burden of showing that the limitations period applicable to the action against Castillo was tolled. See *Rodríguez*, 570 F.3d at 406.

In the alternative, plaintiffs claim that they did not have enough knowledge to bring suit against Castillo until the Hospital answered one of their interrogatories on April 15, 2015. **ECF No. 159**, ¶ 11. But, "to avoid having [their] claim barred as untimely," plaintiffs must show not only that they "did not gain enough knowledge to bring suit until [a sufficiently late date]," but that they had remained ignorant for so long "despite [their] diligence in pursuing [their] legal rights." *Rivera-Carrasquillo*, 812 F.3d at 216-17. Yet plaintiffs admit that the decedent's medical records from both the Gurabo Community Health Center and the Hospital contained a "transfer sheet . . . reveal[ing] that the physician that accepted the transfer[]" of the decedent from Gurabo Community Health Center to the Hospital "was Dr. Castillo." **ECF Nos. 151-1**, ¶¶ 23-26 (Castillo

alleging the facts); **159-1** at 1 (plaintiffs admitting them).  Plaintiffs, however, do not explain how they were diligent in pursuing their legal rights when it still took them more than three years and four months, from the date of their relative's death at the Hospital, to identify Castillo as a co-defendant.  See **ECF Nos. 159**, **159-1**.  In any event, the summary-judgment record properly before the Court, pursuant to Local Civil Rule 56(e), does not support plaintiffs' claim that they first gained enough knowledge to bring suit against Castillo only on April 15, 2015.  See **ECF No. 159-1**.  Accordingly, plaintiffs have failed, again, to bear their burden of proving that the statute of limitations was effectively and sufficiently tolled. See *Rodríguez*, 570 F.3d at 406.

In conclusion, the Court finds that the factual record properly before us, see L. Civ. R. 56(e), undisputedly shows that the action against Castillo is time-barred, see P.R. Laws Ann. tit. 31, § 5298(2), and that he is thus entitled to judgment as a matter of law, see Fed. R. Civ. P. 56(a). See generally *P.R. Am. Ins. Co.* v. *Rivera-Vázquez*, 603 F.3d 125, 131 (1st Cir. 2010).

Accordingly, the Court hereby **GRANTS** Castillo's summary-judgment motion, see **ECF No. 151**.  If the remaining parties do not settle this action soon, the parties shall inform the Court, **by July 31, 2017**, of all of their available trial dates from August 1st through mid-September of this year.  A joint pre-trial memorandum must be filed with the Court **by August 4, 2017**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**